NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
------------------------------------
                                    :
  YAHYA BICAKSIZ,                   :
                                    :
          Petitioner,               :   CIVIL NO. 05-5915(NLH)
                                    :
     v.                             :
                                    :         OPINION
  CHARLES E. SAMUELS, JR.,          :
                                    :
          Respondent.               :
                                    :
------------------------------------
```

APPEARANCES:

Justin T. Loughry
330 Market Street
Suite-1
Camden, NJ 08102
*And*
Steven Jay Rozan
5051 Westheimer Road
Suite-725
Houston, TX 77056

*Attorneys for Petitioner*

United States Dept. of Justice - U.S. Attorneys Office
By: J. Andrew Ruyman, AUSA
402 East State Street
Room 430
Trenton, NJ 08608

*Attorney for Respondent[1]*

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Charles E. Samuels, Jr., the current Warden where Petitioner is confined, is substituted on the caption for John Nash.

1

HILLMAN, District Judge.

This matter is before the Court on the petition of Yahya Bicaksiz ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

In October 1998, the United States District Court for the Eastern District of New York sentenced Petitioner on his convictions of one count of conspiracy to travel in interstate commerce with intent to commit murder-for-hire and one count of traveling in interstate commerce with intent to commit murder-for-hire in violation of 18 U.S.C. § 1958. The court sentenced Petitioner to 120 months on the conspiracy count and a consecutive sentence of ninety-five months on the substantive count, for a total sentence of 215 months. U.S. v. Bicaksiz, 194 F. 3d 390, 392-93 (2d Cir. 1999), cert. denied 528 U.S. 1161 (2000).

Petitioner filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the Second Circuit.[2] In October 1999, the Second Circuit

---

[2] Petitioner raised three grounds on appeal:
 (1) Congress did not intend to allow separate sentences for conspiracy and a substantive offense under 18 U.S.C. § 1958;
 (2) the District Court erred in admitting into evidence the testimony of his wife that he had threatened to kill

affirmed Petitioner's conviction and sentence. Bicaksiz, 194 F.3d at 394-98, 400.

Petitioner then filed a motion under 28 U.S.C. § 2255 in the sentencing court, where he initially raised a claim of ineffective assistance of counsel.  After the sentencing court held an evidentiary hearing, Petitioner brought additional claims which the court treated as amendments to his original § 2255 motion.[3] In November 2002, the sentencing court determined that none of Petitioner's claims in his § 2255 motion had merit and denied Petitioner's motion. Bicaksiz v. U.S., 234 F. Supp. 2d 202 (E.D.N.Y. 2002).

In the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner attempts to raise a post-conviction challenge to the lawfulness of his federal criminal sentence entered against him in October 1998 in the

---

 her; and
 (3) it was an error for the District Court to deny his motion for ineffective assistance of counsel and to decline his request to hold an evidentiary hearing on the motion.
Bicaksiz, 194 F.3d at 392.

[3] Petitioner brought the following new motions:
 (1) to correct the judgment to reflect that he had been sentenced to concurrent terms;
 (2) to disqualify as defense counsel the attorney who represented him in the § 2255 motion;
 (3) to have the assigned trial judge recused; and
 (4) to proceed pro se.
Bicaksiz v. U.S., 234 F. Supp. 2d 202, 206 (E.D.N.Y. 2002).

United States District Court for the Eastern District of New York.  Petitioner claims this Court has jurisdiction because 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, and that his sentence of 215 months should be vacated in view of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), which were rendered subsequent to his sentencing.  As relief, Petitioner seeks vacation of his original sentence and re-sentencing.[4]

## II.  DISCUSSION

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

---

[4] Petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. § 2241 states he is challenging a conviction, but the relief requested indicates he actually states a challenge to his 215 month sentence.

4

the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir.2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless-- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[5] See 28 U.S.C.

---

[5] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

§ 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[6] See 28 U.S.C. § 2255. Specifically, paragraph

---

[6] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

7

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251.  The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner first argues that he is entitled to habeas relief under 28 U.S.C. § 2241 because he proffered a claim of "actual innocence" with regard to his convictions of conspiracy to travel in interstate commerce with intent to commit murder-for-hire and traveling in interstate commerce with intent to commit murder-for-hire.

Petitioner's claims are of no merit.  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[7]  A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the

---

[7]  It is long established that a *procedurally defaulted* habeas claim may be considered by a federal court where the petitioner fails to show cause for the default but can show actual innocence.  See Murray v. Carrier, 477 U.S. 478, 495 (1986)("the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration").  See also Herrera v. Collins, 506 U.S. 390, 404 (1993)(a petitioner with an otherwise procedurally barred claim "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence").  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  An actual innocence claim is not itself a constitutional claim, but instead "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Schlup v. Delo, 513 U.S. 298, 315 (1995); Herrera, 506 U.S. at 404.

merits of his claim.  A claim of actual innocence requires a petitioner to show (1) new reliable evidence not available for presentation at the time of the challenged trial; and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 126 S.Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case.  See House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In this case, Petitioner's claim of "actual innocence" is not based on any new evidence. Petitioner represents that he will amend his Petition with an affidavit attesting to factual support for his claim of actual innocence, (Memo of Law, p. 10), but Petitioner has not filed any such affidavit in this case.  Petitioner's statement that he has maintained his innocence "throughout trial" and in the § 2255 proceeding, Id., does not meet the extraordinary test of actual innocence: it merely presents Petitioner's disagreement with the jury as to the weight and/or credibility of evidence actually entered during Petitioner's

10

trial.

    Petitioner next argues that he is entitled to habeas relief under 28 U.S.C. § 2241 pursuant to the Dorsainvil exception. Dorsainvil, 119 F.3d at 251 (a § 2255 motion is "inadequate and ineffective" only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate"). Petitioner cites the Supreme Court's decisions in Apprendi, 530 U.S. 466; Blakely, 542 U.S. 296; and Booker, 543 U.S. 220, which were rendered subsequent to his sentencing, as an appropriate intervening change in substantive law.

    Petitioner's claims, however, are without merit.  The Supreme Court's decisions in Apprendi, Blakely, and Booker did not announce a new substantive rule of constitutional law that was previously unavailable.[8]  Moreover, the rules announced in these cases are not applicable retroactively to

---

[8] Apprendi held that "[o]ther than the fact of a prior conviction, any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  In Blakely, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 302 (internal quotations omitted).  In Booker, the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory. Booker, 543 U.S. 220.

cases on collateral review. See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (holding that Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review). See also United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).

Petitioner does not claim that application of Apprendi, Blakely, or Booker would negate his conviction.  He argues that had these cases been available at the time of his sentencing, there was a probability that the sentence imposed would have been less.  Petitioner is not entitled to relief pursuant to the Dorsainvil exception, because the aforementioned cases did not interpret 18 U.S.C. § 1958 such that Petitioner's conviction may have been for conduct that was not criminal at all.

Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or

12

ineffective remedy.  His claim of actual innocence is illusory.  He cites no intervening change in the law that renders noncriminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[9] 28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the

---

[9] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in Miller was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. United States v Miller, 197 F.3d 644 (3d Cir. 1999).  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

time it was filed." 28 U.S.C. § 1631.  Because Petitioner fails to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it is not in the interests of justice to transfer this Petition to the United States Court of Appeals for the Second Circuit.  Accordingly, this Petition must be dismissed.

### III.  Conclusion

For the reasons set forth above, the petition will be dismissed with prejudice for lack of jurisdiction.  An Order consistent with this Opinion will be filed.

                                      s/Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: August 10, 2007